Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000095
12-MAY-2011
07:38 AM

NO. CAAP-11-0000095

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHONG HUNG HAN, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR NO. 10-1-1098)

ORDER GRANTING APRIL 18, 2011 MOTION TO
DISMISS APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Upon review of (1) Defendant-Appellant Chong Hung Han's (Appellant Han) April 18, 2011 motion to dismiss appellate court case number CAAP-11-0000095 for lack of appellate jurisdiction, and (2) the record, it appears that we lack jurisdiction over Appellant Han's appeal from the Honorable Fa'auuga L. To'oto'o's January 21, 2011 judgment of conviction against Appellant Han for abuse of a household or family member in violation of HRS § 709-906 (Supp. 2010), because the January 21, 2011 judgment is not

appealable under Hawaii Revised Statutes (HRS) § 571-54 (2006).

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). In family court matters, "[a]n interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court, and review shall be governed by chapter 602[.]" HRS § 571-54. The intermediate court of appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (Supp. 2010). "Any party deeming oneself aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court[.]" HRS § 641-11 (Supp. 2010). "The sentence of the court in a criminal case shall be the judgment." Id. Under analogous circumstances in an appeal from a district court judgment in a criminal case, we have held that a judgment is not final and appealable unless the sentence is final:

> Judgments of conviction are not final unless they include the final adjudication and the final sentence. In the instant case, the sentence imposed was not the final sentence because the district court expressly left open the possibility that its sentence of Kilborn might include an order requiring Kilborn to pay restitution. The court did not finally decide whether it would order Kilborn to pay restitution and, if so, in what amount. Consequently, the December 5, 2003 Judgment is not final and, because it is not final, it is not appealable.
> Accordingly, IT IS HEREBY ORDERED that the appeal from the December 5, 2003 Judgment is dismissed for lack of appellate jurisdiction.

State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005). Similarly in the instant case, it appears that the

sentence in the January 21, 2011 judgment is not final, because the January 21, 2011 judgment, on its face, indicates that the court was considering, but had not finally decided, whether to order restitution as part of the sentence. Consequently, the sentence in the January 21, 2011 judgment is not final, and, thus, the January 21, 2011 judgment is not an appealable final judgment under HRS § 571-54. Absent an appealable final judgment in the record on appeal, we cannot exercise appellate jurisdiction over Appeal No. CAAP-11-0000095.

Therefore, IT IS HEREBY ORDERED that Appellant Han's April 18, 2011 motion to dismiss this appeal for lack of jurisdiction is granted, and Appeal No. CAAP-11-0000095 is dismissed without prejudice to Appellant Han asserting a timely appeal from an appealable final judgment in FC-CR No. 10-1-1098.

DATED: Honolulu, Hawai'i, May 12, 2011.

Chief Judge

Associate Judge

Associate Judge